**STATE, Plaintiff-Appellee, v. SCHAEFFER, Defendant-Appellant. (Two cases.)
STATE, Plaintiff-Appellee, v. BROWN, Defendant-Appellant.**

Common Pleas Court, Butler County.

Nos. 68758, 68759 and 68822. Decided May 4, 1953.

284

Jackson Bosch, Pros. Atty., Hamilton, for State of Ohio.
William D. Schaeffer, Hamilton, for defendants.

## OPINION

By CRAMER, J.

These cases, involving the same legal question, will be considered together in this opinion.

They are before us on appeal on questions of law from judgments of conviction rendered in the Justice of the Peace courts.

In cause No. 68758 the defendant was charged with and convicted of violating §6307-20 GC, commonly referred to as the reckless operation statute. This cause, as well as cause No. 68759 (against the same defendant) wherein said defendant was charged with and convicted of violating §6296-4 GC (operating a motor vehicle without having a legal operator's or chauffeur's license), was tried before Otto Grafner, Justice of the Peace in and for Hanover Township, Butler County, Ohio.

In cause No. 68822 the defendant-appellant was charged with and convicted of the violation of §6307-41 GC (requiring the operator of a motor vehicle, within an intersection intending to turn to the left, to yield the right of way to any vehicle approaching from the opposite direction). This cause was tried in the court of J. E. Jackson, Justice of the Peace in and for Lemon Township, Butler County, Ohio.

The affidavits, charging the offenses, were filed in all three cases by officers of the law who were not the "parties injured" (as that term is used in §13433-9 GC).

The defendants, before trial, entered pleas of not guilty and did not waive the right to a jury trial.

The sole question for our determination which is involved in these cases and which is presented in these appeals is: Did the Justice of the Peace have jurisdiction to render final judgment of conviction? If he did not, then the convictions must be set aside as nullities.

The determination of the question at issue involves a consideration of §§13433-2, 13424-1, 13433-9 and 13433-10 GC.

We commence this discussion with the assertion that a Justice's court is a court of limited jurisdiction, possessing only such powers as are expressly conferred by statute. The office of Justice of the Peace is no longer constitutional; therefore the court over which he presides is a statutory one.

Generally the criminal jurisdiction of a justice of the peace, as to misdemeanors as well as to felonies, is limited to deter-

mining whether there is probable cause for binding the defendant over to a court of competent jurisdiction for trial. He does not have final jurisdiction even in misdemeanor cases except in those in which final jurisdiction is specifically granted to him. **Vol. 24, O. Jur., Section 4, pages 268-9; also Section 8, page 271.**

**Sec. 13422-2 GC,** is the general statute which confers upon a Justice of the Peace his criminal jurisdiction, and therein are set out eighteen specified cases in which the Justice has such jurisdiction. There are other statutes which give the Justice final jurisdiction over many other offenses which constitute misdemeanors.

In those cases where final jurisdiction is properly conferred by statute upon a justice of the peace, then either §§13424-1, **13433-9** or **13433-10 GC** governs the rendition of final judgment.

**Sec. 13424-1 GC** merely provides the method of procedure for obtaining a jury in cases in which the Justices of the Peace do have final jurisdiction.

**Sec. 13433-9 GC** gives jurisdiction to the Justice to render final judgment when there is a plea of guilty to a misdemeanor which was brought on complaint of the party injured and also provides that if the complaint is not made by the party injured and the accused pleads guilty, the jurisdiction of the magistrate is to require the accused to enter into recognizance to appear before the proper court.

Since in the cases before us the pleas were "not guilty," **§13433-10 GC,** which is quoted herein in full, is applicable:

"When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed, and there is probable cause to believe the accused guilty, he shall order him to enter into recognizance with good and sufficient surety, in such amount as he deems reasonable, for his appearance at a proper time and before the proper court; otherwise he shall discharge him from custody. If the offense charged is a misdemeanor, and the accused in writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

It is our conclusion, by reason of the foregoing statute, that the Justice of the Peace had no jurisdiction to render final judgment in any of the three cases now before us.

This holding is arrived at by reason of the fact that the appellants herein entered pleas of not guilty and did not waive a jury and submit to be tried by the Justice of the **Peace.**

The penalty imposed by statute in each of these offenses does not provide for a fine in excess of $50.00, nor a jail sentence. Therefore, the defendants were not entitled to jury trials and could not waive a right which they did not have.

Even if they had signed such waivers they would have been ineffectual to confer final jurisdiction upon the Justice of the Peace because they were not entitled to jury trials. Had these offenses carried penalties in excess of $50.00 or jail sentences, still the Justice would be without final jurisdiction. This, for the reason that no jury waivers were executed by the defendants, and §13433-10 GC makes the same a condition precedent to the rendition of final judgment.

Since under §13433-9 GC the Justice doesn't have jurisdiction to render final judgment, even in the case where a plea of guilty is entered, and the complaint is not by the "party injured," it would seem that there would be more reason to deny him jurisdiction where the plea is, as here, "not guilty." At any rate, the statute so provides.

A most enlightening, and, we believe, authoritative article, and which has been most helpful to us, is that written by Mr. Edgar H. Hale of Portsmouth, entitled, "Jurisdiction of Justices of the Peace over Uniform Traffic Act Violations," printed in the December 22, 1952 issue of the Ohio Bar (Volume XXV, No. 49).

The Attorney General of Ohio, on November 9, 1935, rendered an opinion found in Opinions of the Attorney General, 1935, Volume 2, Opinion No. 4882, in which he discusses and renders an opinion upon the Jurisdiction of justices in cases of Traffic Act violations. His holding supports our conclusion.

The case of State, ex rel Overholster v. Fred Wolf, Sheriff, et al, 26 O. N. P., n. s., page 593, contains a dissertation upon this subject which we believe is still the law of Ohio.

The rather recent case entitled, "In Re Lockhart," found in 150 Oh St, page 192, also 47 O. O., page 129, is authority for the proposition that a judgment of conviction is a nullity where the justice of the peace renders final judgment and he lacks such jurisdiction under §13433-9 GC. While that case was not one involving a violation of the Traffic Act, yet the principle involved is applicable here.

The judgment of conviction in each of the causes now before us must be reversed and the defendants discharged.

Entries may be accordingly prepared.